UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17-cr-96-2 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| OMID TABATABAI, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the *pro se* motion of defendant Omid Tabatabai ("defendant") to reduce his sentence. (Doc. No. 223 (Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 224 (Opposition).) For the reasons that follow, the motion is DENIED.

### I. BACKGROUND

On September 7, 2017, pursuant to a plea agreement, defendant pled guilty to one count of conspiracy to possess with intent to distribute and to distribute a controlled substance. (Minutes of Proceedings [non-document], 9/7/2017; Doc. No. 121 (Report and Recommendation ("R&R") on Guilty Plea); Doc. No. 141 (Order Adopting R&R); Doc. No. 142 (Plea Agreement).) As part of his plea agreement, defendant admitted his offense conduct involved between 1.5 and 4.5 kilograms of methamphetamine and at least 500 grams of cocaine, resulting in a base offense level of 36. (Doc. No. 142 at 11; Doc. No. 167 (Final Presentence Report) at 10.) After applying relevant adjustments, the resulting range under the U.S. Sentencing Guidelines (the "guidelines") with a criminal history category of VI was 188–235 months. The

Court varied downward and sentenced defendant to a term of imprisonment of 168 months. (Doc. No. 186 (Transcript from Dec. 22, 2017 Sentencing Hearing) at 28, 46; Doc. No. 170 (Judgment).) He is currently serving his sentence at Victorville Medium I FCI and has an anticipated release date of October 1, 2029. (www.bop/inmateloc, last visited July 19, 2022.)

In his present motion, defendant—relying on *United States v. Carnell*, 972 F.3d 932 (7th Cir. 2020)—claims that his base offense level should be reduced because of the purity of methamphetamine involved in his conviction. (Doc. No. 223 at 1–2.) The government insists that the decision in *Carnell* provides no basis for relief, and that the Court otherwise has no authority under which it can reduce defendant's sentence. (Doc. No. 224 at 3.)

## II. DISCUSSION

The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.") Under 18 U.S.C. § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the Bureau of Prisons ("BOP") or defendant for compassionate release; (2) as expressly permitted by statute or by Fed. R. Crim. P. 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(1)–(2).

Defendant does not seek a compassionate release,[1] nor does he seek relief under a particular statute or Rule 35. Additionally, he was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered. Rather, the basis for his motion is the Seventh Circuit's decision in *Carnell*. Specifically, defendant claims that the court in *Carnell* held that a defendant's sentence for trafficking methamphetamine "can no longer be based on purity[.]" (*Id.* at 1.) Defendant misrepresents the ruling in this non-binding decision.

In *Carnell*, the court addressed U.S.S.G. § 2D1.1, note C, that defines "ice" as a mixture of methamphetamine that is at least 80% pure and provides for a substantial higher sentence for mixtures of methamphetamine that achieve that level of purity. In reversing the defendant's sentence, the court found that the government failed to prove, by a preponderance of evidence, that the substance in question was "ice" as that term is defined by the guidelines. *Carnell*, 972 F.3d at 945 ("we now hold that the circumstantial evidence by users, dealers, and law enforcement that a drug appears to be ice based on look, smell, effect, nomenclature or the like will not suffice to meet the government's burden, by a preponderance of the evidence, that a drug is at least 80% pure methamphetamine").

The court in *Carnell* did not, as defendant suggests, strike down § 2D1.1, note C, nor did it otherwise suggest that a guidelines range cannot be influenced by the purity of the charged methamphetamine. Further, unlike the methamphetamine at issue in *Carnell*, here the drugs were lab-tested and defendant did not dispute the purity determination at any point in the proceedings. (Doc. No. 223-3 (Chemical Analysis Report) at 2.) While the court in *Carnell* did not go so far as to suggest that a lab test is always required to establish purity of methamphetamine for

---

[1] The Court denied defendant's motion for a compassionate release on October 16, 2020. (Non-document Order, 10/16/2020.)

sentencing, it indicated that lab tests would be sufficient to satisfy the government's burden of proof. *See Carnell*, 972 F.3d at 943.

The Court commends defendant for the programming he has completed in prison, and for maintaining employment during his period of incarceration. It does not, however, have the authority to modify his sentence on the basis requested.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to reduce his sentence is DENIED.

**IT IS SO ORDERED**.


Dated: July 22, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**