**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17-cr-96-2 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| OMID TABATABAI, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On December 22, 2017, defendant Omid Tabatabai ("Tabatabai" or "defendant") was sentenced to a custody term of 168 months, following his guilty plea to conspiracy to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)A), 846, and 851. (Doc. No. 170 (Judgment); *see* Minutes of Proceedings [non-document], 12/22/2017; Doc. No. 142 (Plea Agreement); *see also* Doc. No. 1 (Indictment).) Now before the Court is Tabatabai's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 236 (Motion).) Appointed counsel filed a notice of intent not to supplement the motion. (Doc. No. 237 (Notice).) Plaintiff United States of America (the "government") filed an opposition to the motion (Doc. No. 238 (Response)), and defendant filed a *pro se* supplement. (Doc. No. 239 (Supplement).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*,

560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

Tabatabai moves for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o). Specifically, he argues that he is eligible for a reduced sentence under Amendment 821, Part A, which affected the sentencing guidelines' treatment of offenses committed while under a criminal justice sentence. (*See* Doc. No. 236, at 2.) Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

The government opposes the motion on the ground that Tabatabai is not eligible for relief under Part A. (Doc. No. 238, at 1.) Specifically, the government argues that the application of Part A would have no effect on Tabatabai's advisory guideline range (*id*. at 5), as he was not subject to a term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission. The Court agrees with the government's position.

At the time of sentencing, Tabatabai had prior convictions for grand theft, infliction of corporal injury, manufacturing/possessing a dangerous weapon, possession of a controlled substance, and telephone harassment, which collectively scored 13 criminal history points. (*See also* Doc. No. 167 (Final PSR), at 11–13 ¶¶ 66–72.) Because Tabatabai committed the instant

2

offense while he was under a criminal justice sentence in state court, he received 2 additional "status points" under § 4A1.1(d). (*See* Doc. No. 186 (Transcript of Sentencing Hearing), at 30; *see also* Doc. No. 167, at 13 ¶ 73.) With a total of 15 criminal history points, Tabatabai was a criminal history category VI. (*See* Doc. No. 186, at 30; *see also* Doc. No. 167, at 13 ¶ 74.) With a criminal history category of VI (and a total offense level of 31), the advisory guideline range was 188 to 235 months. (*See* Doc. No. 186, at 28.) The Court, nevertheless, varied downward one level to arrive at a custody term of 168 months. (Doc. No. 186, at 45–46; *see* Doc. No. 170.)

Under Part A of Amendment 821, Tabatabai's criminal history score is reduced by 1 to 14, which still corresponds to a criminal history category VI, and his advisory sentencing guideline range remains 188 to 235 months.[1] Because his guideline range is undisturbed by the Amendment, he is ineligible for a reduction under Part A of Amendment 821.

Since the amended guidelines concerning status points would not have affected the calculation of Tabatabai's sentence, he is, therefore, ineligible for a reduction based on Part A of Amendment 821 concerning "status points." Further, because Tabatabai is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 236) is

---

[1] Although it is not entirely clear, Tabatabai appears to argue that post-sentencing legislation in California may have redesignated some of his state law felony convictions as misdemeanors. (Doc. No. 236, at 2; *see* Doc. No. 236-2, at 2.) This legislation, he argues, would have had the effect of further lowering his criminal history points had it been available at the time of sentencing. (Doc. No. 236, at 2.) The Court is without authority to consider such an argument in this proceeding. *See* U.S.S.G. § 1B1.10(b)(1) ("In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.") *See also United States v. Marble*, No. 2:18-cr-148, 2024 WL 534981, at *3 (E.D. Tenn. Feb. 9, 2024) (noting that § 3582 "is not a full resentencing hearing and 'correcting sentencing mistakes is outside the scope of the proceedings authorized by § 3582(c)(2)'" (quoting *United States v. Smith*, 427 F. App'x 511, 513 (6th Cir. 2011) (further quotation marks and citation omitted))).

DENIED.

**IT IS SO ORDERED**.

Dated: April 9, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

4